UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS – CORPUS CHRISTI DIVISION

| | |
|---|---|
| **Melody Fulton,**<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>**Nissan North America, Inc.**<br><br>　　　　　　　Defendant. | Case No.<br><br><br>Complaint and Demand for Jury Trial |

## COMPLAINT

**Melody Fulton** ("Plaintiff"), by and through her attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **Nissan North America, Inc.** ("Defendant"):

### INTRODUCTION

1.　　Plaintiff's Complaint is based on the Magnuson-Moss Warranty Act ("Warranty Act"), Chapter 15 U.S.C.A., § 2301, *et. seq.*, breach of implied warranty of merchantability pursuant to the Magnuson-Moss Warranty Act, Tex. Bus. & Com. Code §§ 2.313, 2.314, and Tex. Bus. & Com. Code §§ 17.41 *et. seq.*

### JURISDICTION AND VENUE

2.　　This Court has federal question jurisdiction over this matter pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(1)(B), in that the Plaintiff claims more than $50,000.00 in damages, exclusive of interest and costs, and under the doctrine of supplemental jurisdiction as set forth in 28 U.S.C. § 1367.

3.　　This Court has personal jurisdiction over Defendant who conducts business in the State of Texas.

4.  Venue is proper in this district under 28 U.S.C. §1391(b) because Plaintiff purchased the subject vehicle in Nueces County; a substantial part of the events giving rise to the Plaintiff's claims occurred within this District; this District is where Defendant directs and controls warranty repairs on covered vehicles; Defendant is subject to personal jurisdiction in this district and there is no other district where the suit may be brought.

**PARTIES**

5.  Plaintiff is an adult individual residing in Aransas Pass, Texas 78336.

6.  Defendant Nissan North America, Inc. ("Nissan-NA") is organized under the laws of California with its principal place of business located at One Nissan Way, Franklin, Tennessee 37067. Nissan-NA was created in 1990 to coordinate all of Nissan's various activities in North America to enhance the development and manufacturing of Nissan vehicles, which were traditionally manufactured in Japan. At all relevant times, Nissan-NA was engaged in the business of importing, assembling, marketing, distributing, and warranting Nissan automobiles in the State of Texas and throughout the United States.

7.  Nissan-NA is also in the business of marketing, supplying and selling written warranties to the public at large through a system of authorized dealerships.

**FACTUAL ALLEGATIONS**

8.  On or about August 18, 2021, Plaintiff purchased a 2022 Nissan Pathfinder from an authorized dealership, Ed Hicks Nissan, Ltd. ("Ed Hicks Nissan") located in Corpus Christi, Texas 78415, bearing the Vehicle Identification Number 5N1DR3CB3NC203343. A true and accurate copy of the Purchase Agreement is attached as Exhibit "A."

9.  At all times relevant hereto, the subject vehicle was registered in the State of Texas.

10. The contract price of the Vehicle, including registration charges, document fees, sales tax, finance and bank charges totaled more than $66,313.50  *See* Exhibit "A".

11. In consideration for the purchase of said vehicle, Defendant issued to Plaintiff several warranties, guarantees, affirmations or undertakings with respect to the material or workmanship of the vehicle and/or remedial action in the event the vehicle fails to meet the promised specifications.

12. The above-referenced warranties, guarantees, affirmations or undertakings are/were part of the basis of the bargain between Defendant and Plaintiff.

13. The parties' bargain included an express written warranty as well as other guarantees, affirmations and undertakings as stated in Defendant's warranty materials and owner's manual.

14. As a result of the ineffective repair attempts made by Defendant through its authorized agents, the vehicle's use, value and safety have been substantially impaired and Plaintiff is unable to utilize the vehicle for its intended purposes.

15. The subject vehicle is afflicted with certain defects, conditions and non-conformities related to the vehicle's electrical systems. In connection with those substantial non-conformities, Plaintiff presented the vehicle for repair at the Nissan-NA authorized service facility located at Ed Hicks Nissan's dealership ("Service Facility") on at least five (5) occasions. Those repair attempts are summarized below:

    a. September 17, 2021 – September 18, 2021, where the odometer reflected 1,079 miles, Plaintiff presented the subject vehicle for repair at the Service Facility in connection with battery and electrical system defects. A true and accurate copy of this Repair Order is attached as Exhibit "B-1".

    b. October 4, 2021- October 5, 2021, where the odometer reflected 1,860 miles, Plaintiff presented the subject vehicle for repair at the Service Facility in connection with electrical system defects. A true and accurate copy of this Repair Order is attached as Exhibit "B-2".

    c. October 9, 2021 – October 14, 2021, where the odometer reflected 2,104 miles, Plaintiff presented the subject vehicle for repair at the Service Facility again in connection with electrical system defects. A true and accurate copy of this Repair Order is attached as Exhibit "B-3".

    d. November 2, 2021 – November 15, 2021, where the odometer reflected 3,222 miles, Plaintiff presented the subject vehicle for repair at the Service Facility in connection with the same electrical system defects. A true and accurate copy of this Repair Order is attached as Exhibit "B-4".

    e. December 6, 2021 – December 7, 2021, where the odometer reflected 4,167 miles, Plaintiff presented the subject vehicle for repair at the Service Facility in connection with additional electrical system defects. A true and accurate copy of this Repair Order is attached as Exhibit "B-5".

16. In each of these repair attempts, the Service Facility failed to diagnose and cure the electrical system defects. The Service Facility's technicians were unable to duplicate the Plaintiff's concerns and as such, concluded that the Vehicle's systems were functioning properly. *See* Exhibit B-2 – B-5.

17. Plaintiff provided the Service Facility with several video recordings of the continuing electrical system defects. Despite these recordings, the Service Facility declined to conduct further testing.

18. Upon information and belief, the vehicle remains in a defective and/or unrelaible state and is substantially impaired.

19. Plaintiff no longer feels safe driving the subject vehicle and has lost confidence in it by virtue of Defendant's failure to conduct repairs within a reasonable period of time, as promised in the New Car Limited Warranty.

## FIRST CAUSE OF ACTION
### Breach of Warranty Pursuant to the Magnuson-Moss Warranty Improvement Act, 15 U.S.C. § 2301, *et seq.*

20. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. Plaintiff is a "consumer" as defined in 15 U.S.C. § 2301(3).

22. Defendant is a "supplier" and "warrantor" as defined in 15 U.S.C. § 2301(4)-(5).

23. The subject vehicle is a "consumer product" as defined in 15 U.S.C. § 2301(6).

24. 15 U.S.C. § 2310(d)(1) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with a written warranty.

25. 15 U.S.C. § 2304(a)(1) requires Defendant, as a warrantor, to remedy any defect, malfunction or nonconformance of the subject vehicle within a reasonable time and without charge to the Plaintiff.

23. Defendant has attempted to comply with the terms of its express warranties, implied warranties and contracts; however, its efforts through its authorized service and repair facilities, have failed to timely and/or properly make effective repairs.

24. Defendant has failed to remedy the Vehicle's electrical system defects within a reasonable time, and/or a reasonable number of attempts, thereby breaching the written warranty applicable to the Vehicle.

5

25. As a result of Defendant's conduct and/or failure to timely and/or properly repair the vehicle, Plaintiff has been and continues to suffer damages, left with a vehicle that cannot meet her reasonable needs as marketed to her by Defendant.

26. As a result of Defendant's actions, Plaintiff has been required to retain legal counsel to recover her damages as Defendant refused and continues to refuse to do so voluntarily.

27. The Magnuson-Moss Warranty Improvement Act, 15 U.S.C. §2310(d)(2) provides:

   a. If a consumer finally prevails on an action brought under paragraph (1) of this subsection, he may be allowed by the court to recover as part of the judgment a sum equal to the amount of aggregate amount of costs and expenses (including attorney fees based upon actual time expended), determined by the court to have been reasonably incurred by the Plaintiffs for, or in connection with the commencement and prosecution of such action, unless the court, in its discretion shall determine that such an award of attorney's fees would be inappropriate.

28. Plaintiff has afforded Defendant a reasonable number of opportunities to conform the vehicle to the aforementioned express warranties, implied warranties and contracts.

29. As a direct and proximate result of Defendant's failure to comply with its express written, implied warranties and contracts, Plaintiff has suffered damages and, in accordance with 15 U.S.C. §2310(d)(1), Plaintiff is entitled to bring suit for such damages and other legal and equitable relief.

30. Defendant's warranty was not provided to Plaintiff until after the vehicle was delivered, nullifying any and all limitations, disclaimers and/or alternative dispute provisions and making them ineffective for a failure of consideration.

31. Plaintiff avers that upon successfully prevailing upon the Magnuson-Moss claim herein, all attorney fees and cost are recoverable and are demanded against Defendant. Plaintiff respectfully demands judgment against Defendant in an amount equal to the price of the subject

vehicle, plus all collateral charges, incidental and consequential damages, reasonable attorneys' fees, and all court costs.

## SECOND CAUSE OF ACTION
**Breach of Implied Warranty of Merchantability Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq*. and Tex. Bus. & Com. Code § 2.314**

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. Defendant is a merchant with respect to motor vehicles.

34. The Vehicle was subject to implied warranties of merchantability, as defined in 15 U.S.C. § 2308 and V.T.C.A., Bus. & C. § 2.314, running from the Defendant to the Plaintiff.

35. An implied warranty that the Vehicle was merchantable arose by operation of law as part of the purchase of the Vehicle.

36. Defendant breached the implied warranty of merchantability in that the subject vehicle was not in merchantable condition when the Plaintiff purchased it, or at any time thereafter, and the subject vehicle is unfit for the ordinary purposes for which such vehicles are used.

37. Indeed, the Vehicle suffered from severe electrical system defects that prevented Plaintiff from being able to properly use the Vehicle.

38. The persistent defects in the electrical system are unreasonably dangerous because they can cause the Vehicle to severely malfunction while the Vehicle is in operation at any time, thereby exposing the Vehicle's driver, passengers, and others who share the road with them, to serious risk of accidents and injury or death.

39. Plaintiff notified Defendant of the electrical system defects in the Vehicle within a reasonable time after Plaintiff discovered them.

40. As a result of Defendant's breaches of the implied warranty of merchantability, Plaintiff has suffered damages, including but not limited to incidental and consequential damages, plus attorney fees and costs to recover same.

### THIRD CAUSE OF ACTION
### Breach of Express Warranties
### Tex. Bus. & Com. Code § 2.313

41. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

42. In connection with the sale of the Vehicle to the Plaintiff, Defendant provided the Plaintiff with a new vehicle limited warranty, under which it agreed to repair original components found to be defective in material or workmanship under normal use and maintenance.

43. Plaintiff relied on Defendant's warranties when she agreed to purchase or lease the Vehicle and Defendant's warranties were part of the basis of the bargain.

44. Plaintiff submitted her Vehicle for warranty repairs as referenced herein. Defendant failed to comply with the terms of the express written warranty provided to Plaintiff, by failing to fully repair the electrical system defects under the Vehicle's warranty as described herein.

45. Plaintiff has given Defendant a reasonable number of opportunities to cure said defect, but Defendant has been unable to do so within a reasonable time.

46. As a result of said nonconformities, Plaintiff cannot reasonably rely on the Vehicle for the ordinary purpose of safe, comfortable, and efficient transportation.

47. Plaintiff could not have reasonably discovered said nonconformities with the Vehicle prior to Plaintiff's acceptance of the Vehicle.

48. Plaintiff would not have purchased the Vehicle, had she known, prior to her time of purchase, that the Vehicle contained the aforementioned defects.

49. As a direct and proximate result of the willful failure of Defendant to comply with its obligations under the express warranties, Plaintiff has suffered actual and consequential damages. Such damages include, but are not limited to, the loss of the use and enjoyment of her Vehicle, and a diminution in the value of the Vehicle containing the defects identified herein.

**FOURTH CAUSE OF ACTION**
**Texas Deceptive Practices Act ("DTPA")**
**Tex. Bus. & Com. Code § 17.41, *et seq.***

50. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

51. The subject vehicle is "goods" under Tex. Bus. & Com. Code § 17.45(1) because it is tangible chattel that was purchased or leased for use.

52. Defendant is a "person" under Tex. Bus. & Com. Code § 17.45(3) because it is a corporation.

53. Plaintiff is a "consumer" under Tex. Bus. & Com. Code § 17.45(4) because he sought or acquired the subject vehicle by purchase.

54. At all relevant times, Defendant engaged in "trade" and "commerce" under Tex. Bus. & Com. Code § 17.45(6) by advertising, offering for sale, selling, leasing, and/or distributing the subject vehicle in the United States, including Texas, directly or indirectly affecting Texas citizens through that trade and commerce.

55. Defendant violated the DTPA because Defendant engaged in false, misleading, and deceptive acts or practices in violation of Tex. Bus. & Com. Code § 17.46(b) and 17.50(a)(1). Specifically, Defendants:

    a) Represented that goods have sponsorship, approval, characteristics, uses, benefits, or qualities that they do not have; and,

    b) Falsely represented that goods are of a particular standard, quality or grade.

56.    Under the DTPA, false, misleading, and deceptive acts or practices include "any unconscionable action or course of action by any person." Tex. Bus. & Com. Code § 17.50 (a)(3). The DTPA defines an "unconscionable action or course of action" as "an act or practice, which . . . takes advantage of the lack of knowledge, ability, experience, or capacity of the consumer to a grossly unfair degree." Id. § 17.45(5).

57.    Defendant violated the DTPA as it represented that the subject vehicle had characteristics and benefits that it does not have, and represented that it was of a particular standard, quality, or grade when it was of another.

58.    At the time of sale, Plaintiff relied on Defendant's representations that the subject vehicle was free of defects that substantially impair its use, value, or safety. Plaintiff relied on these representations to her detriment, as she believed she was purchasing a merchantable vehicle, when in fact, the vehicle contained significant defects and/or nonconformities. Had Plaintiff known the subject vehicle and its electrical system was defective at the time of purchase, she would not have purchased the subject vehicle.

59.    Plaintiff alleges that Defendant's misrepresentation of the subject vehicle constitute "unconscionable action or course of action," as defined under the DTPA.

60.    Plaintiff further alleges that Defendant violated the DTPA because Defendant breached implied warranties concerning the subject vehicle.

61. The conduct described in the preceding paragraphs was a producing cause of damages to Plaintiff. As such, Plaintiff seeks all damages allowed by the DTPA, including but not limited to, treble damages, punitive damages, and attorney's costs and fees.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiff, **Melody Fulton,** respectfully prays for judgment as follows:

a. An order approving revocation of acceptance of the subject vehicle;

b. For a trial by jury on all issues except the determination of reasonable attorney's fees and costs and the determination of which damages shall be trebled, which are reserved for determination by the Court in the event that Plaintiff prevails at a trial on the merits;

c. The "full purchase price" of the vehicle, collateral charges, finance charges, incidental and consequential damages under all Counts above;

d. Treble and punitive damages

e. Incidental and consequential damages;

f. Costs, including expert witness fees and reasonable attorney's fees;

g. Any other relief this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

**Please take notice** that Plaintiff, **Melody Fulton**, demands a jury trial in this case.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: February 1, 2022 | By: *s/ Craig Thor Kimmel*<br>Craig Thor Kimmel, Esq.<br>Kimmel & Silverman, P.C.<br>30 East Butler Pike<br>Ambler, PA 19002<br>Phone: 215-540-8888<br>Facsimile: 877-788-2864<br>Email: teamkimmel@creditlaw.com |